IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREEN BANK, NATIONAL ASSOCIATION, | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. 4:18-cv-00465 |
| RG OPPORTUNITIES I, LP and NEW CITY ADVISORS, LLC | § § § § | |
| Defendants. | § | |

**ORIGINAL ANSWER OF DEFENDANT NEW CITY ADVISORS, LLC**

Defendant New City Advisors, LLC ("Defendant" or "NCA") presents its Original Answer to Plaintiff Green Bank, National Association's Interpleader Complaint, as follows:

**ANSWER**

1. Defendant admits the allegations of paragraph 1 of the Complaint.

2. Upon information and belief, Defendant admits that Green Bank is a national banking association as alleged in paragraph 2 of the Complaint. Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining allegation of paragraph 2 of the Complaint.

3. Defendant admits that RG Opportunities I, L.P. ("RG Opportunities") is an Ohio limited partnership as alleged in paragraph 3 of the Complaint. Defendant denies that RG Opportunities' principal place of business is located in Cincinnati, Ohio.

4. Defendant admits the allegations of paragraph 4 of the Complaint.

5. Regarding paragraph 5 of the Complaint, Defendant admits that the Disputed Funds exceed $75,000.00 in this matter and, upon information and belief, the parties are citizens of different states.

6. Defendant admits that the Disputed Funds are situated in Houston, Harris County, Texas, which is located in this Court's judicial district as alleged in paragraph 6 of the Complaint.

7. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 7 of the Complaint stating that NESF Escrow Services Corp. is a Delaware corporation and wholly-owned subsidiary of NES Financial Corp. Defendant admits the remaining allegations of paragraph 7.

8. Defendant admits that NES acted as a liason between RG Opportunities and New City on the one hand, and Green Bank on the other hand as alleged in paragraph 8 of the Complaint. Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining allegations of paragraph 8 of the Complaint.

9. Defendant admits the allegations of paragraph 9 of the Complaint.

10. Defendant admits that a requirement contained in the Escrow Agreement is that a request for disbursement of funds must be signed by both RG Opportunities and NCA. Defendant further admits that the Escrow Agreement provides for disbursement of Investor's funds back to the Investor in the event of written notice from RG Opportunities that the Investor had withdrawn his or her subscription agreement as alleged in paragraph 10 of the Complaint; however, Defendant notes that the Escrow Agreement also requires Green Bank to disburse such proceeds according to written instructions from RG Opportunities and NCA in such situation. Defendant admits the remaining allegations of paragraph 10 of the Complaint.

11.     Regarding paragraph 11 of the Complaint, Defendant admits Yuqi "Richard" Lin is not one of the persons listed as authorized to sign on behalf of RG Opportunities according to a certificate of incumbency previously provided to NES and Green Bank, and that Gary Chen was listed as an authorized signatory.  Defendant denies that "Mason Chen" was listed as an authorized signatory of RG Opportunities according to the certificate of incumbency at issue. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegation concerning Green Bank's and NES's belief regarding who the ultimate owners of RG MGMT, LLC are. Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining allegations of paragraph 11 of the Complaint.

12.     Defendant admits the allegations in the first two sentences and last sentence of paragraph 12 of the Complaint.  Defendant admits the allegations of the third sentence of paragraph 12, except that Defendant lacks sufficient personal information or knowledge to either admit or deny whether or not NES and Green Bank understood Terry Chan was the brother of Gary Chan.

13.     Defendant admits the allegations of paragraph 13 of the Complaint.

14.     Defendant admits the allegations of paragraph 14 of the Complaint.

15.     Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations contained in paragraph 15 of the Complaint. Defendant further notes that a copy of the alleged July 1, 2014 limited partnership agreement had not been provided to NCA or Mr. Tang.

16.     Regarding paragraph 16 of the Complaint, Defendant admits that the July 7, 2014 limited partnership agreement for RG Opportunities authorizes the Investors to remove and replace the general partner with a 75% vote, and that a copy of same was provided to NES.  Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining

allegations contained in paragraph 16 of the Complaint. Defendant further notes that a copy of the alleged July 1, 2014 limited partnership agreement had not been provided to NCA or Mr. Tang.

17. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations contained in the first sentence of paragraph 17 of the Complaint regarding Green Bank, NES, and their respective counsel's conclusions. Defendant admits the allegations contained in the second sentence of paragraph 17 of the Complaint.

18. Defendant admits the allegations of paragraph 18 of the Complaint.

19. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations set forth in the first sentence of paragraph 19 of the Complaint. Defendant admits the allegations set forth in the second and third sentences of paragraph 19 of the Complaint. Defendant denies the remaining allegations of paragraph 19 of the Complaint.

20. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations set forth in the first sentence of paragraph 20 of the Complaint. Defendant admits the allegations of the second sentence of paragraph 20 of the Complaint. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations set forth in the last sentence of paragraph 20 of the Complaint, except to the extent such allegations imply that Defendant or RG Opportunities stated or implied that the investors had already lost their immigration status, which Defendant denies.

21. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 21 of the Complaint.

22. Defendant admits the allegations of paragraph 22 of the Complaint.

23. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 23 of the Complaint.

24. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 24 of the Complaint.

25. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 25 of the Complaint regarding whether NES and Green Bank took certain actions in effort to address concerns regarding certain circumstances. Defendant admits the remaining allegations contained in paragraph 25 of the Complaint.

26. Regarding the allegations set forth in the first sentence of paragraph 26, Defendant admits that John Tang, as counsel for RG Opportunities, delivered a legal opinion to NES and Green Bank regarding the partnership agreement and general partner removal issues. Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining allegations of paragraph 26 of the Complaint.

27. Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 27 of the Complaint.

28. Regarding the first sentence of paragraph 28 of the Complaint, Defendant admits that NES and Green Bank requested that NCA and RG Opportunities execute a release; however, Defendant denies and disputes Plaintiff's characterization of the release as "broad." Defendant further admits the Escrow Agreement contains release of liability and indemnification provisions under certain circumstances in favor of Green Bank as Escrow Agent. Regarding the second sentence of paragraph 28, Defendant lacks sufficient personal information or knowledge to either admit or deny who drafted the release and whether same was jointly drafted as alleged; however, Defendant admits that a release was presented to NCA and RG Opportunities. Defendant admits the allegations set forth in the third sentence of paragraph 28 of the Complaint. Defendant lacks

sufficient personal information or knowledge to either admit or deny the allegations of the last sentence of paragraph 28 of the Complaint.

29.   Defendant admits the allegations of paragraph 29 of the Complaint.

30.   Defendant admits the allegations set forth in the first three sentences of paragraph 30 of the Complaint.  Regarding the fourth sentence of paragraph 30, Defendant admits that Ms. Wang sent a letter to NES and Green Bank that was drafted by Mr. Tang; however, Defendant denies the description regarding Ms. Wang's communications as becoming "more aggressive." Defendant admits the allegation that the letter demanded immediate disbursement of the funds pursuant to the Disbursement Request; however, Defendant denies the allegation that the letter was "combative in nature."  Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining allegations of paragraph 30 of the Complaint.

31.   Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 31 of the Complaint; however, Defendant admits that Mr. John Tang drafted the letter at issue and Ms. Wang assisted by mailing it.

32.   Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 32 of the Complaint.

33.   Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations of paragraph 33 of the Complaint.

34.   Regarding the first two sentences of paragraph 34 of the Complaint, Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations. Regarding the third and fourth sentences of paragraph 34, Defendant admits that Ms. Wang received the letter from Gary Chan's counsel, that such letter did demand disbursement from the Escrow Account, and that a selected portion of Mr. Roach's February 7, 2018 letter is quoted in

paragraph 34. Regarding the last sentence of paragraph 34 of the Complaint, Defendant lacks sufficient personal information or knowledge to either admit or deny the allegations as to how Plaintiff interpreted such letter and the position taken by counsel for Gary Chan.

35.  Defendant admits that a selected portion of Mr. Roach's February 7, 2018 letter is quoted in paragraph 35 of the Complaint.

36.  Defendant admits that a selected portion of Ms. Wang's e-mail reply is quoted in paragraph 36 of the Complaint.

37.  Regarding paragraph 37 of the Complaint, Defendant admits that there is a disagreement between Gary Chan on the one hand, and RG Opportunities (through its current general partner The Phoenix Mount Holdings, LLC) and NCA on the other hand, as to who is authorized to act on behalf of RG Opportunities. Defendant lacks sufficient personal information or knowledge to either admit or deny the remaining allegations of paragraph 37 of the Complaint.

38.  Defendant admits the allegations set forth in paragraph 38 of the Complaint.

39.  Defendant admits the allegations set forth in paragraph 39 of the Complaint.

40.  Paragraph 40 of the Complaint calls for neither admission nor denial.

41.  Paragraph 41 of the Complaint calls for neither admission nor denial.

42.  Regarding paragraph 42 of the Complaint, Defendant admits that Section 6(d) of the Escrow Agreement provides that RG Opportunities agrees to pay Green Bank reasonable compensation as recited by Plaintiff. Defendant denies the reference to "GP Opportunities" contained in the Complaint is correct.

43.  Defendant admits that selected portions of Section 6(c) of the Escrow Agreement are quoted in paragraph 43. Defendant denies that Plaintiff is discharged of any liability for past

breach of duties or breach of contract not directly related to its tender of the Disputed Funds to the Court's registry.

44. Defendant admits that selected portions of Section 6(a) and 6(c) of the Escrow Agreement are quoted in paragraph 44. Defendant denies Plaintiff's characterization that such Escrow Agreement contains "broad" release of liability clauses. Defendant also denies that Plaintiff is discharged of any liability for past breach of duties or breach of contract not directly related to its tender of the Disputed Funds to the Court's registry.

45. Defendant admits that limited, selected portions of Section 6(g) of the Escrow Agreement are quoted in paragraph 45. Defendant denies Plaintiff's characterization that such Escrow Agreement contains "broad" release of liability clauses. Defendant also denies that Plaintiff is discharged of any liability for past breach of duties or breach of contract not directly related to its tender of the Disputed Funds to the Court's registry.

46. The final paragraph of the Complaint is a prayer for relief and does not require admission or denial. However, Defendant denies that Plaintiff is entitled to request a release or discharge of past or future liability to Defendants or any of the Investors "for any claim to the Escrow Account" in connection with this Interpleader proceeding. Defendant also denies that the Escrow Agreement entitles Plaintiff to have its reasonable attorney's fees and costs paid from the Disputed Funds in the Court's Registry, as such agreement states RG Opportunities agrees to pay and reimburse such costs and expenses.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Defendant New City Advisors, LLC prays that upon final trial or other consideration hereof, all relief sought by Plaintiff be denied; that

Defendant recover its costs and attorney's fees incurred in connection with this litigation, and for such other and further relief to which it may be entitled.

DATED this 29th day of March, 2018.

        Respectfully submitted,

        **COKINOS | YOUNG**

By:*/s/ Misty A. Segura*_____
    CRAIG E. POWER
    Federal Bar No. 3868
    Bar No. 16210500
    cpower@cokinoslaw.com
    MISTY A. SEGURA
    Federal Bar No. 30751
    Bar No. 24033174
    msegura@cokinoslaw.com
    Four Houston Center
    1221 Lamar Street, 16th Floor
    Houston, Texas 77010-3039
    (713) 535-5500
    Fax:  (713) 535-5533

**ATTORNEYS FOR DEFENDANT,
NEW CITY ADVISORS, LLC**

OF COUNSEL:
COKINOS | YOUNG
1221 Lamar Street, 16th Floor
Houston, Texas 77010-3039
(713) 535-5500

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing document was served on March 29, 2018 by electronic filing to all users registered to receive ECF notices in this case, and was also served via e-mail on the following counsel of record:

*VIA E-MAIL: sleyh@lpmfirm.com*
Steven A. Leyh
LEYH, PAYNE & MALLIA, PLLC
9545 Katy Freeway, Suite 200
Houston, Texas 77024
*Attorneys for Green Bank, National Association*

                                   */s/ Misty A. Segura*_____
                                   MISTY A. SEGURA

G:\WPDOCS\New City Advisors\Pleadings\mas NCA's Original Answer.docx